# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY EUGENE BICKLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-2692 CDP |
| | ) | |
| MATTHEW FARRAR, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon a complaint filed by plaintiff Anthony Eugene Bickley, an inmate currently incarcerated at Fulton Reception and Diagnostic Center. The Court takes judicial notice of his prior case in this Court, in which he sought leave to proceed in forma pauperis. *See Bickley v. Farrar*, No. 4:17-CV-1966 ACL (E.D.Mo). When plaintiff failed to file an amended complaint in his prior action in a timely manner, his action was dismissed, without prejudice, on October 27, 2017, pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff filed a substantially similar complaint to his prior action in the present matter on November 6, 2017.

Taking judicial notice of plaintiff's financial status, the Court will once again allow plaintiff to proceed in forma pauperis and will assess an initial partial filing fee of $1.00.[1] *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be

---

[1]Plaintiff has failed to submit a certified copy of his account statement. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Plaintiff names Officer James Farrar, a Police Officer in Rolla, Missouri, as the only defendant in this action. He sues Officer Farrar in his individual capacity only, and he seeks both compensatory and punitive damages, as well as injunctive relief, by way of unconditional release from confinement.

Plaintiff alleges that on or about January 8, 2017, he and Teannia Bickley were staying at the Econo Lodge in Rolla, Missouri, when Officer Farrar and a second Rolla Police Officer, Kenneth Moberly, purportedly violated his rights by responding to a 911 call that had reported a domestic dispute at the hotel in which they were staying. Plaintiff asserts that he believes the police officers made up the information about the domestic dispute in order to allege probable cause to enter the hotel room.

According to plaintiff, the officers stated that they knocked on the door three times and Teannia answered the door, whereupon the officers forced their way inside the room without Teannia's consent. At such time, plaintiff asserts that they asked plaintiff where "the male" in the room was, and the officers began a sweep of the room. Plaintiff states that after he was in handcuffs, they asked him where the gun was, prior to giving him a Miranda warning.

This Court takes judicial notice of plaintiff's criminal action in Missouri state court, docketed as *State v. Bickley*, No. 17PH-CR00062-01 (25th Judicial Circuit, Phelps County Court), on Missouri.Case.Net. In the probable cause statement supporting the criminal complaint, filed on January 9, 2017, Officer Matthew Farrar outlines, under penalty of perjury, the following facts regarding plaintiff's arrest:

> On 1-8-2017, I was dispatched to Econo Lodge, 1417 Martin Springs Dr. room #125 for a report of a physical domestic. Dispatch further advised the female caller stated a male had hit her and disconnected from 911. Dispatch believed a male had forced her to hang up the phone. Upon my arrival, I knocked on #125. Just prior to doing so I heard a male and female talking inside the room. I knocked multiple times and eventually a female, identified as Teannia C. Bickley, answered the door. I stepped inside and asked her where the male was. She told me he had left and walked up the hill. I immediately observed on the far side of the motel room on a sink counter top two metal magazines that I recognized as being for a 1911 style pistol. I asked Bickley again where the male was and if he was in the bathroom. She told me she did not know. I approached the bathroom door to attempt to find the suspect male and observed a small camo pattern foam case that is for storing a pistol lying next to the bed. I cleared the room and found the male, Anthony E. Bickley hiding behind the bathroom door. I detained him into handcuffs. Next to the bed I found an open metal box with a Llama 1911 style pistol chambered in .45 ACP. Also inside the box was A. Bickley's non-

driver's license. Also in plain sight was a clear plastic baggie containing approximately a golf ball in size of a white powder. Also in the box were cut up straws with white powdery substance. I field tested the straws with a Nartec, INC. field test specifically for heroin. The field test kit tip turned green, indicating the presence of heroin. The sample of powder in the baggie I tested with a Nartec, INC. field test kit did not indicate positive. Also in the metal box was a digital scale, I was unable to locate residue on it. I used another Nartec, INC. field test kit of heroin and it displayed green on the tip. A. Bickley is a convicted felon for theft of a vehicle and possession of a controlled substance. While searching for more drugs I found a package of syringes under the bed sheets on the bed. Post Miranda warning A. Bickley told us he had used heroin prior to our arrival and also told us a friend had given him the firearm. He was also on parole for the charges and had a warrant through Probation and Parole for the charges.

Plaintiff was charged, by complaint on January 9, 2017, with unlawful possession of a firearm and possession of a controlled substance. *Id.* A grand jury indictment was filed on March 2, 2017, charging plaintiff with the same violations. Plaintiff pled guilty to possession of a controlled substance on September 13, 2017, and he was sentenced to seven years' imprisonment in the Missouri Department of Corrections on November 20, 2017. *State v. Bickley*, No. 17PH-CR00062-01 (25th Judicial Circuit, Phelps County Court).

Plaintiff filed a motion to vacate his sentence, pursuant to Mo.Sup.Ct.Rule 24.035 on December 28, 2017. *See Bickley v. State*, No. 17PH-CV02233 (25th Judicial Circuit, Phelps County Court). The matter is currently pending.

**Discussion**

A prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

Similarly, the Eighth Circuit Court of Appeals has held that "§ 1983 claims of false arrest and imprisonment should be dismissed [as *Heck*-barred.]" *Anderson v. Franklin County, Mo.*, 192 F.3d 1125, 1131 (8th Cir. 1999). And the Supreme Court of the United States has held that a criminal defendant waives the privilege against self-incrimination when he enters a plea of guilty. *Godinez v. Moran,* 509 U.S. 389, 397 n. 7 (1993). As a result, no constitutional violation occurred, and plaintiff's § 1983 claims fail to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff is granted leave to proceed in forma pauperis in this action.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 8th day of May, 2018.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE